**The document below is hereby signed.**

**Dated: August 8, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
              UNITED STATES BANKRUPTCY COURT
              FOR THE DISTRICT OF COLUMBIA
```

In re                              )
                                   )
ELLIPSAT, INC., formerly           )    Case No. 09-00148
known as ELLIPSO, INC.,            )    (Chapter 11)
                                   )
            Debtor.                )
_____   )
                                   )
JOHN H. PAGE,                      )
                                   )
            Plaintiff,             )
                                   )
      v.                           )    Adversary Proceeding No.
                                   )    12-10026
DAVID CASTIEL, *et al.*,           )
                                   )    Not for publication in
            Defendants.            )    West's Bankruptcy Reporter.

MEMORANDUM DECISION AND ORDER
DENYING THE PLAN PROPONENTS' MOTION FOR SUMMARY JUDGMENT

John Page filed this adversary proceeding pursuant to 11 U.S.C. § 1144 alleging that the confirmation order of May 1, 2012, was procured by fraud and should be revoked by the court. The defendants ("Plan Proponents") filed the motion for summary judgment that is now before the court. Their motion will be denied for the following reasons.

I

Summary judgment will be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (incorporated in Fed. R. Bankr. P. 7056). Whether a fact is material is determined by looking to the substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* A dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In evaluating a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. *Arrington v. U.S.*, 473 F.3d 329, 333 (D.C. Cir. 2006).

II

The motion for summary judgment cannot be granted because doing so would require the court to act as a finder of fact to resolve several genuine factual issues.

For example, the parties present conflicting accounting records with respect to the repayment of Ellipso, Inc.'s loan to David Castiel and the repayment by Ellipso, Inc. of expenses advanced by Castiel. Page's claim relies on the "DC Advance

2

Balances.xls" file and the defendants rely on Exhibits A and B to Castiel's proof of claim (Claim No. 14-4 on the Claims Register). These conflicting accounting records are at the heart of the dispute over whether Castiel is indebted to Ellipso, Inc. (now known as Ellipsat, Inc.), and the record does not resolve which document provides the more accurate accounting.  This genuine issue of material fact precludes the entry of summary judgment.

In addition, the movants set forth as an undisputed material fact that this court has previously found that Castiel did not fraudulently conceal financial data during the trial of his proof of claim because he did not deliberately withhold files from inclusion on the so-called "Corporate" disk.  However, the issue raised by Page's claim of fraud is whether Castiel knew about the discrepancy in his loan repayment (if such discrepancy is found to exist) *at the time the disclosure statement* for the joint plan of reorganization was filed, not at the time of the trial on Castiel's claim.  Sorting out what Castiel knew and when he knew it is a material factual dispute and determination of the issue is necessary for adjudication of the claim of fraud.  *See In re Michelson*, 141 B.R. 715, 725 (Bankr. E.D. Cal. 1992) ("Under the Bankruptcy Code, . . . fraudulent intent is required before revocation is warranted. . . .[T]he requisite intent, in the context of defective disclosure, exists where there is intentional omission of material fact.")

3

III

Because there exist genuine disputes of material fact and the defendants are not entitled to judgment as a matter of law, it is

ORDERED that the Motion of Plan Proponents' for Summary Judgment (Dkt. No. 20) is DENIED.

[Signed and Dated Above]

Copies to: John Page; all counsel of record.